# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**PAMELA D. DURST,**
**Claimant Below, Petitioner**

**FILED**
October 21, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 11-1566** (BOR Appeal No. 2045822)
(Claim No. 2003007157)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**M & G POLYMERS USA, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Pamela D. Durst, by Edwin Pancake, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Gary Mazezka, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 19, 2011, in which the Board affirmed a March 30, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 7, 2010, decision denying Ms. Durst's request for an orthopedic evaluation of her left knee. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

1

Ms. Durst was injured while working for M & G Polymers USA on July 31, 2002. The claim was subsequently held compensable for left shoulder, left knee, and lumbar sprains. On September 7, 2010, the claims administrator denied a request for an orthopedic evaluation of the left knee.

The Office of Judges affirmed the claims administrator's Order, and held that the preponderance of the evidence did not establish that an orthopedic evaluation of the left knee is medically related or reasonably required for the treatment of the compensable injuries. The Board of Review agreed. Ms. Durst disagrees and asserts that her testimony that she has had no additional knee injuries, and the medical reports of her treating physician documenting worsening pain and stiffness, clearly establish that the evaluation was reasonably required as a result of the compensable injury. The West Virginia Office of Insurance Commissioner maintains that the evidence does not establish that the requested medical benefits relate to the compensable injury. On August 30, 2010, Dr. Ellison reported that Ms. Durst was suffering from left knee joint pain and stiffness.

The Office of Judges held that the orthopedic evaluation of the left knee was not medically related or reasonably required treatment for the July 31, 2002, occupational injuries. We disagree. We find that the requested medical benefits are medically related and reasonably required medical treatment for compensable left knee injury on July 31, 2002.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and the claim is remanded with instructions to authorize the requested orthopedic evaluation of Ms. Durst's left knee.

Reversed and Remanded.

**ISSUED:  October 21, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum

**DISSENTING:**
Justice Robin J. Davis
Justice Allen H. Loughry II